UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*******************************
GEORGE FEDOR              *  CIVIL ACTION NO.
         PLAINTIFF        *  302-CV-01489 (CFD)
VS.                       *
JOSEPH KUDRAK, ET AL      *  July 1, 2004
         DEFENDANTS       *
*******************************
```

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants in the above-entitled matter by their attorneys, move pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Rule 56(a)(1) of the Local Rules of Civil Procedure, for summary judgment on all claims herein.

### I.   INTRODUCTION

This is an action invoking the provisions of §§1331, 1343(3) and 1367(a) of Title 28 and §§1983 and 1988 of Title 42 of the United States Code, brought by writ summons and complaint dated August 23, 2002, alleging violations of Plaintiff's Equal Protection and First Amendment rights, his right to be free from unreasonable seizure and his right to due process, as well as alleging infliction of emotional distress and ascertainable economic loss.  Plaintiff's claims are based on unsupported allegations that two police officers employed by the City of

Shelton refused to allow him access to portions of his and his estranged wife's home. Plaintiff also alleges that Defendants refused to allow him to remove certain personal items, in particular, a silverware set, from the marital home, in violation of court orders, and that Defendants refused to investigate the alleged destruction or theft by his ex-wife of certain personal items that Plaintiff had not removed from the marital home.

Plaintiff was subject to restraining orders preventing him from entering the marital home, one of which allowed him access to the home for the sole purpose of removing personal items, with a police escort. <u>See</u> Exhibits 4R, 5R and 6R.[1] He subsequently signed an Agreement dated August 23, 1999 which specifically listed the items he would be allowed to remove from the home during the limited period of time in which he was given access under that Agreement. <u>See</u> Exhibit 7R. The Agreement was entered as an order of the Superior Court at Milford as part of Plaintiff's divorce case. Plaintiff has admitted at his deposition that the court orders and the Agreement did not allow him to have unlimited access to the marital home, and did not specifically authorize him to remove the silverware set. <u>See</u> Defendants 56(a)1 Statement of

---

[1] For the purposes of Defendants' Rule 56(a)1 Statement and Memorandum of Law in Support of Motion for Summary Judgment, all Exhibits ending with the designation "R" shall refer to the Exhibits attached to Defendants' Rule 56(a)1 Statement.

2

Undisputed Material Facts, ¶¶ 11, 17 and 24.  However, Plaintiff continues to maintain that he was somehow harmed by the actions of the Defendant Police Officers in enforcing the precise terms of the court orders and the Agreement.  Plaintiff apparently claims that, although the court orders and the Agreement did not specifically provide him with unlimited access to the marital home and did not specifically authorize him to remove the silverware set, the police officers should have allowed him unlimited access to the home and permitted him to remove the silverware set.  <u>See</u> Exhibit 3R, at 70-71, 75-76, 80, 82-83, 84, 85-86.

Approximately nine months after his police-escorted entrances into the marital home to retrieve possessions in accordance with the court order and Agreement, Plaintiff reported to the Shelton Police Department that portions of the silverware set which he was allegedly prevented from removing from the marital home had been stolen by his ex-wife, Carol Gorman.  Plaintiff is claiming in this action that Defendant Neil O'Donoghue did not investigate the reported theft adequately.  Neither his claims concerning the enforcement of the court orders and the Agreement nor his claim concerning inadequate investigation are a valid basis for Plaintiff's claimed constitutional violations.

Plaintiff has failed to state a claim under the Equal Protection Clause as he has not, and cannot, allege that he is a

3

member of any protected class or that he has been the victim of invidious discrimination.  <u>See</u> Section B, <u>infra</u>.  Moreover, it is well established that Defendant Kudrak's and Defendant O'Donoghue's actions as police officers employed by the City of Shelton, are protected by qualified immunity.  <u>See</u> Section C, <u>infra</u>.  In addition, Plaintiff's claim against the City of Shelton does not meet the criteria necessary for a municipality to be held liable for the deprivation of constitutional rights.  <u>See</u> Section D, <u>infra</u>.

**II. ARGUMENT**

    **A. General Legal Standards**

Rule 56(c) of the Federal Rules of Civil Procedure provides that "summary judgment shall be rendered when a review of the entire record demonstrates 'that there is no genuine issue as to any material fact'."  <u>Hernandez v. City of Hartford</u>, 959 F.Supp. 125, 128 (1997).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non- moving party."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) 106 S.Ct. 1348 (cert. denied 481 U.S. 1029 (1987)).  An issue of fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law."  <u>Anderson v. Liberty Lobby</u>, Inc., 477 U.S. 242, 248 (1986)106 S. CT. 2505.  An issue of fact is "genuine" if "the

4

evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

"Once a movant has demonstrated that no material facts are in dispute, the non-movant must set forth specific facts indicating a genuine issue for trial exists in order to avoid the granting of summary judgment." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2nd Cir. 1996) (citations omitted). "However, mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." Id. To survive a motion for summary judgment, the non-moving party may not simply rest on the pleadings, but must submit evidentiary support for any claims that a material issue of fact exists requiring trial. Id. Here, Plaintiff fails to meet this burden as to the allegations in his Complaint.

**B.  Plaintiff Has Failed to State a Claim Under the Equal Protection Clause of the United States Constitution Because Plaintiff Has Not Alleged That He Is a Member of Any Protected Class or That He Is the Victim of Invidious Discrimination.**

Plaintiff has alleged in a conclusory manner that defendants "deprived him of equal protection of the law." See Complaint, ¶¶ 1, 21. It is fundamental that a claim under the Equal Protection Clause must include an allegation that the Plaintiff was discriminated against due to membership in some protected class. Plaintiff has failed to make any such allegation or showing. See

5

Petrario v. Cutler, 187 F.Supp.2d 26, (D. Conn. 2002) (granting summary judgment on plaintiff's equal protection claim where plaintiff failed to "establish that he is a member of a protected class or that he was discriminated against as a result of his membership in such a class").

In the alternative, a plaintiff may show "invidious discrimination at the hands of government officials", or, that plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Harlen Assoc. v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam)); Tuchman v. Connecticut, 185 F.Supp.2d 169, 173 (D. Conn. 2002).

Here, Plaintiff has made no claim that he is a member of a protected class. Furthermore, Plaintiff has made only conclusory allegations based on his subjective belief that "he was deprived of his right to equal protection of the law as a result of the town's policy refusing to investigate or otherwise consider complaints of theft arising in a domestic context." See Complaint, ¶ 21. Such conclusory statements alone cannot establish a genuine issue of material fact sufficient to defeat the Defendants' Motion for Summary Judgment. Zandhri v. Dortenzio, 228 F.Supp.2d 167, 180 (D.

6

Conn. 2002). Plaintiff essentially claims that the Defendants failed to investigate his complaints of theft because they arose out of a domestic dispute. See Complaint ¶¶ 18, 21. Plaintiff cannot state a claim of deprivation of his right to equal protection solely on the basis that the Shelton Police Officers failed to investigate his complaints in the manner in which he wished them to.

Rather, as a "class of one", Plaintiff must allege and demonstrate that the Defendants intentionally, without any rational justification, treated his complaints differently from other similar complaints. Harlen, 273 F.3d at 499; Gavlak v. Town of Somers, 267 F.Supp.2d 214, 225 (D. Conn. 2003). Here, Plaintiff has claimed that the Shelton Police Department had a policy not to get involved in such complaints if they arose between spouses and ex-spouses. See Complaint ¶ 18. Plaintiff cannot provide any evidence in support of his claims that his right to equal protection was violated. Plaintiff claims that the silverware set he was prevented from removing from the marital home was returned to him on or around December 21, 1999. See Defendants 56(a)1 Statement of Undisputed Material Facts, ¶ 25. However, he did not make a complaint to the Shelton Police Department concerning any missing pieces of the silverware set, or about the condition of the set, until May 26 or 27, 2000. See Defendants 56(a)1 Statement of

7

Undisputed Material Facts, ¶ 26.  Plaintiff further states that he did not discuss his complaint with Defendant O'Donoghue until August, 2000.  See Defendants 56(a)1 Statement of Undisputed Material Facts, ¶ 27.  Plaintiff claims that he wanted Defendant O'Donoghue to go to his ex-wife's new residence to see if any of the items Plaintiff claimed had been stolen were there.  See Exhibit 3, at 179-180.  Defendant O'Donoghue fully investigated Plaintiff's complaint against his ex-wife of theft and/or destruction of property.  He was unable to obtain enough evidence to support obtaining a search warrant for Carol Gorman's apartment.  See Exhibit 2R.  The Plaintiff does not allege that other persons with similar complaints were treated differently nor does he allege that the Defendants intentionally treated him differently without a rational basis to do so.

Plaintiff cannot support his allegations that his theft claim was investigated any differently than other such claims.  Therefore, Plaintiff's Equal Protection claim fails as a matter of law and summary judgment should be granted in favor of the Defendants.

**C.    Kudrak and O'Donoghue's Actions While Acting in Their Capacities as Police Officers Are Protected By Qualified Immunity.**

Government officials are entitled to qualified immunity where "their conduct does not violate clearly established statutory or

8

constitutional rights of which a reasonable person would have known." Poe v. Leonard, 282 F.3d 123, 131 (2d Cir. 2002); Russo v. City of Hartford, 158 F.Supp.2d 214, 233 (D. Conn. 2001). Initially, it should be noted that the issue of qualified immunity is only reached upon a determination that the facts alleged actually show the claimed conduct violates a constitutional right. Id. Here, Plaintiff has failed to make that showing. See Section B, supra. "Even where the plaintiff's federal rights and the scope of the official's conduct are clearly established, the qualified immunity defense protects a government actor if it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." Clarke v. Sweeney, 312 F.Supp.2d 277, 299 (D. Conn. 2004). In any event, if Kudrak and O'Donoghue are liable at all under § 1983 (see Section B, supra), then immunity attaches to their conduct under § 1983 unless it would have been clear "to a reasonable [government official] that his conduct was unlawful in the situation he confronted." Russo, at 233.

    Defendant Kudrak enforced to the letter the orders of the Milford Superior Court regarding the restraining order and the Agreement signed by Plaintiff and his estranged wife. Plaintiff's rights are not violated simply because Kudrak did not enforce the orders to Plaintiff's satisfaction. Kudrak had no authority to permit the Plaintiff to remove any items of personal property from

9

the marital residence other than those specifically stated in the Agreement. <u>See</u> Exhibit 7R. Kudrak's obligation to the Plaintiff, and to Plaintiff's spouse, was to enforce the court's orders as written. In addition, Defendant O'Donoghue performed an investigation regarding Plaintiff's complaints of theft but was unable to obtain sufficient evidence to support a search warrant for the new residence of Plaintiff's ex-wife. <u>See</u> Exhibit 2R. Not only does this conduct not violate any constitutional right of Plaintiff's, but no reasonable officer in the position of Kudrak or O'Donoghue would have believed that their actions would violate Plaintiff's constitutional rights. "On a motion for summary judgment, the issue is whether a reasonable police officer would have known that what he was doing was clearly illegal based on the facts before him." <u>Brogdon v. City of New Rochelle</u>, 200 F.Supp.2d 411, 424 (S.D.N.Y. 2002). Neither Kudrak's nor O'Donoghue's conduct can be said to have been clearly illegal. Therefore, Kudrak's and O'Donoghue's conduct is protected by qualified immunity and summary judgment should be granted in favor of the Defendants.

**D.   Plaintiff's Complaint Does Not State a Legally Sufficient Monell Claim Under 42 U.S.C. §1983**

42 U.S.C. §1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the

10

> United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

The term "person" as used in 42 U.S.C. §1983 has been held to include municipalities and other local government units. See <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 689, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). For a municipality to be held liable for the deprivation of constitutional rights, however, "there must be conduct by the town that subjects a person to the denial of constitutional rights or causes [her] to be subjected to such denial." <u>Smith v. Ambrogio</u>, 456 F.Supp. 1130, 1134 (D.Conn.1978). In other words, the town can only "be liable for its own wrongful action, or perhaps knowing omission, distinct from the wrongful action of a municipal employee." <u>Id.</u> Thus, "the liability of the . . . town depends on whether [it has] commanded the result or adopted a policy, a natural consequence of which is the denial of a constitutional right." <u>Id.</u> at 1135.

To hold a city liable under §1983, the Plaintiff is "required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." <u>Batista v. Rodriguez</u>, 702 F.2d. 393, 397 (2d Cir.1983). Further, the Second Circuit has stated that "a policy could not ordinarily be inferred from a single incident . . ."

11

Turpin v. Mailet, 619 F.2d 196, 202 (2d Cir.1980).  Further, "inaction alone cannot create the causal link." Ambrogio, supra, 1136; See generally, Batista, supra, 397.  Rather, Plaintiff must "present such extreme facts that inaction by a supervisor [or Town] with knowledge of a pattern of unconstitutional actions by his subordinates is the equivalent of approval of the pattern as a policy of the supervisor [or Town] and hence tacit encouragement that the pattern continue." Id.

    The elements for establishing a claim for liability for inaction depend on whether the action claimed to be required is intended to: (1) remedy a specific situation, the continuation of which causes a deprivation of constitutional rights; or (2) prevent the next in a series of previous episodes, indicating a pattern of deprivation of constitutional rights. See Ambrogio, supra 1136.  As such, complaints "relying upon 42 U.S.C. §1981 et. seq. are plainly insufficient unless they contain at least some allegation of facts indicating a deprivation of civil rights[,]" Fine v. New York, 529 F.2d 70, 73 (2d Cir.1975), and some causal link between the municipal inaction and the underlying deprivation of rights by its subordinates. See Ambrogio, supra at 1136; see also Jonelis v. Russo, 863 F.Supp. 84, 89 (D.Conn. 1994).  "The mere invocation of the 'pattern' or 'plan' [will] not suffice without this causal link." Batista, supra, 397.

12

"The standard for municipal liability predicated on inaction of [town or superior personnel] must be frankly acknowledged as difficult to meet." Id. at 1137.

> A claim of this sort should not be initiated unless there is a sufficient factual basis to justify the extensive litigation that such a claim entails.  The typical §1983 suit against a police officer for his allegedly unconstitutional action generally involves a single episode.  Discovery and trial are entirely manageable. But a claim of municipal liability based on an alleged policy reflected by a pattern of prior episodes will inevitably risk placing an entire police department on trial.  Sweeping discovery will be sought to unearth episodes in which allegedly similar unconstitutional actions have been taken, and the trial will then require litigation of every episode occurring in the community that counsel believes can be shown to involve a similar constitutional violation.  Even if a trial of that scope is warranted by a complaint that does allege overt acts with requisite particularity . . . neither a federal court nor a municipality should be burdened with such an action unless a detailed pleading is presented.

Id.

Here, the Plaintiff's Complaint invokes §1983 of Title 42 of the United States Code, and states that the Defendant Town of Shelton has "a duly authorized Police Department charged with the responsibility of preventing crime and assuring the health and well-being of the residents of, and visitors to, the Town of Shelton."  The Complaint further states:

> 13.  There existed in June and August of 1999 a municipal policy of assigning police officers to accompany persons with such orders to their homes to assure compliance with court orders and to prevent breaches of the peace.

13

    14.  In June of 1999, a member of the Shelton Police Department explained to the plaintiff that he would be permitted only fifteen minutes to gather a lifetime's worth of belongings.

    16.  When defendant Kudrak and the plaintiff arrived at the plaintiff's home, defendant Kudrak presented the order to the plaintiff's wife.  The plaintiff's wife refused to permit the plaintiff access to certain areas in defiance of the court order.  Officer Kudrak refused to permit the plaintiff to enter areas of the home objected to by the wife.

    17.  Among the items that the plaintiff was unable to retrieve because of officer Kudrak's refusal to obey the court order was a certain sterling silverware set of great sentimental and economic value to the plaintiff.  When the plaintiff was able to retrieve the silver ware months later, parts of it were missing and entire set had been mistreated.

    18.  When the plaintiff reported the destruction and theft of the silverware to Detective O'Donoghue, the detective refused to investigate, telling the plaintiff that the Shelton Police Department had a policy of not getting involved in such complaints if they arose between spouses and ex spouses.

    20.  The plaintiff was constructively deprived of his right to access to the courts in that Officer Kudrak refused to enforce a court order.

    21.  The plaintiff was deprived of his right to equal protection of the law as a result of the town's policy refusing to investigate or otherwise consider complaints of theft arising in a domestic context.

With regard to the Shelton Police Department's policy of assigning police officers to accompany individuals with court orders to their homes, it is clear from the court order and the Agreement in this case that a police escort was ordered by the court. <u>See</u> Exhibits 5R and 7R. In addition, the Plaintiff admitted that he knowingly and willingly signed the Agreement on advice of counsel. <u>See</u> Defendants' 56(a)1 Statement of Undisputed

14

Material Facts, ¶ 20.  Further, the Plaintiff has admitted in his deposition that the court order and Agreement in question (Exhibits 5R and 7R) did not specifically allow him full access to the home, and did not specifically allow him to remove the silverware set in question.  See Defendants' 56(a)1 Statement of Undisputed Material Facts, ¶¶ 11, 17, 21 and 24.  Plaintiff has also admitted that the court order issued on June 10, 1999 did not specify the amount of time the Plaintiff could remain in the house, but did specifically state that Plaintiff was to be allowed access to *retrieve personal items with a police escort.* (emphasis added) See Defendants' 56(a)1 Statement of Undisputed Material Facts, ¶¶ 9 and 10.  The Shelton Police Department properly executed orders of the Milford Superior Court in escorting the Plaintiff to his home.  The Defendants allowed the Plaintiff to retrieve the items specifically listed in the court order and Agreement.  See Exhibits 5R and 7R.  None of the conduct alleged by the Plaintiff rises to the level of a violation of Plaintiff's constitutional rights.

In Grier v. West Haven Police Department, 40 Conn. Supp. 221, 487 A.2d 576 (1984), the plaintiff alleged that the defendant police department had a policy or custom discriminating against unwed fathers, illegitimate children and males in custody disputes. The plaintiff in Grier based his allegations on one act by members of the police department.  The court stated that "In order to

15

justify an award of damages based on alleged violations of constitutional rights it is necessary specifically to identify those rights and mere conclusory allegations are not adequate. Id. at 223, quoting from Brice v. Day, 604 F.2d 664, 666 (10th Cir. 1979), cert denied, 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980). The plaintiff in that case did not claim there was an officially adopted policy, but rather a custom. The court stated "The single incident of alleged illegality, however, is not a sufficient allegation of facts so as to constitute a "custom." We agreed that, absent more evidence of supervisory indifference, such as acquiescence in a prior pattern of conduct, a policy could not ordinarily be inferred from a single incident of illegality...." Grier, at 225, quoting from Turpin v. Mailet, 619 F.2d 196, 202 (2nd Cir. 1980). The court granted the defendant police department's motion to strike, stating that "The complaint in its entirety fails to allege facts sufficient to give rise to proof of either an official or an unofficial policy or custom and therefore fails to allege a cause of action under §§ 1983 and 1985(3).)

  Here, as in Grier, the Plaintiff has failed to allege a pattern of prior conduct necessary to establish a municipal custom or practice. Rather, he bases his allegation of a discriminatory policy, in Paragraph 18 of the Complaint, on a single act of Defendant O'Donoghue in an alleged failure to investigate one theft

16

complaint. Defendant O'Donoghue's Affidavit (Exhibit 2R) establishes that Plaintiff's theft complaint was in fact investigated but did not merit the issuance of a warrant for the search of Gorman's home.

Similarly, in <u>Appletree v. City of Hartford</u>, 555 F.Supp. 224 (D.Conn. 1983), the plaintiff alleged a violation of his constitutional rights under § 1983 in connection with his treatment by the Hartford Police Department involving a single written complaint, and alleged no facts outside his own case to support any of his allegations. The court stated "A complaint against a municipality must fail if it 'appears to have merely attached a conclusory allegation of 'policy' to what is in essence a claim based on a single unconstitutional act." <u>Id</u>., at 228 (quoting from <u>Giarrusso v. City of Chicago</u>, 539 F.Supp. 690, 693 (N.D.Ill.1982) involving allegations of a policy of failure to supervise.) Here, as in <u>Appletree</u>, the Plaintiff bases his claim on one act regarding the police department's failure to investigate, and has provided no facts to support his allegations outside of his own interactions with the Shelton Police Department. Even if Plaintiff's constitutional rights were violated, the Plaintiff has failed to establish a custom, policy or practice that supports a finding of liability against Defendant City of Shelton.

17

The conduct/inaction complained of in Paragraph 18 of Plaintiff's Complaint fails to state a legally sufficient <u>Monell</u> claim.  In particular, the allegations are legal conclusions and do not state facts tending to establish a policy, custom or practice of the City of Shelton.  Even if the Court finds that those conclusory allegations could establish a policy, custom or practice of the City of Shelton, the Plaintiff cannot present any evidence in support of them.

The Complaint sets forth no material facts whatsoever except those concerning the incidents in which the Plaintiff alleges his constitutional rights were violated.  Plaintiff has not pleaded facts sufficient to establish an official policy or custom or that any such policy or custom caused the Plaintiff to be subjected to a deprivation of his constitutional rights.  The allegations are not sufficient to find an official policy or custom or to demonstrate the required link between any such policy or custom and the deprivation of the Plaintiff's rights.  The Plaintiff cannot produce any such evidence sufficient to create a genuine issue of fact for trial.

There is no vicarious liability via *respondeat superior* available to hold supervisors and/or municipalities liable for the misconduct of subordinates that causes the deprivation of a constitutional right. <u>See</u> <u>Ambrogio</u>, <u>supra</u>, 1134.  Instead, a

18

supervisor or municipality can only be held liable if they commanded the results or adopted a policy, the natural consequence of which is a denial of constitutional rights.  <u>See id.</u>  Whether or not the individual defendants are found to be liable to the Plaintiff, the City of Shelton is not liable.  The Complaint is wholly devoid of any allegations sufficient to constitute a claim for liability against the Defendant City of Shelton.  Reviewing the facts as alleged in a light most favorable to the Plaintiff, they do not establish an official policy or custom causing the deprivation of a constitutional right.  There are no disputed issues of material fact with respect to Plaintiff's claim against the Defendant.  The Court should render summary judgment in favor of the City of Shelton.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that there are no genuine issues of material fact for trial and that Defendants are entitled to judgment as a matter of law as to all causes of action alleged in the Complaint.  Accordingly, Defendants' Motion for Summary Judgment should be granted in its entirety, and judgment entered for the Defendants.

19

...

```
                              THE DEFENDANTS,


                         BY:_____
                              Peter G. Kruzynski
                              Susman, Duffy & Segaloff, P.C.
                              P. O. Box 1684
                              New Haven, CT  06507-1684
                              Phone: (203) 624-9830
                              Fed. Bar No. ct 14088
```

**CERTIFICATION**

    This is to certify that a copy of the foregoing was sent this date to:

John A. Williams, Esq.
Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

```
                                   _____
                                   Peter G. Kruzynski
```

I:\Client K_O\Kudrak\Fedor\Pleadings\draft II brief supporting msj.wpd

20

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505