```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF CONNECTICUT
```

```
*******************************
GEORGE FEDOR                   *   CIVIL ACTION NO.
            PLAINTIFF          *   302-CV-01489 (CFD)
VS.                            *
JOSEPH KUDRAK, ET AL           *   July 1, 2004
            DEFENDANTS         *
*******************************
```

## DEFENDANTS' RULE 56(a)1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56(a)1, the defendants provide the following statement of undisputed material facts in support of their Motion for Summary Judgment.

1. At all times relevant to this Complaint, Defendant City of Shelton was a municipal corporation in the State of Connecticut. See Complaint, ¶ 4.

2. Defendants Kudrak and O'Donoghue were employed as police officers for the City of Shelton. See Complaint, ¶ 5 and 6.

3. At no time relevant to this Complaint were Defendants Kudrak and O'Donoghue employees of the State of Connecticut. See Affidavits of Defendants, attached hereto as Exhibits 1 and 2.

4.  Plaintiff married Carol Gorman on December 23, 1995.  See Deposition of Plaintiff George Fedor dated October 23, 2003 and March 29, 2004, at 21, attached hereto as Exhibit 3.

5.  Carol Gorman started divorce proceedings against the Plaintiff in 1999.  See Complaint, ¶ 10.

6.  A restraining order was issued on June 8, 1999, ordering Plaintiff to refrain from entering 51 Applewood Drive, Shelton, Connecticut, and to remain 100 yards from Carol Gorman.  See Ex Parte Restraining Order - Relief from Abuse, marked as Exhibit 3 at Plaintiff's deposition, attached hereto as Exhibit 4.

7.  The restraining order issued on June 8, 1999 was served upon Plaintiff by a Shelton Police Officer accompanied by a sheriff on June 9, 1999.  See Exhibit 3, at 44-47.

8.  The restraining order presented to Plaintiff on June 9, 1999 allowed the Shelton Police to remove the Plaintiff from the marital residence.  See Exhibit 3, at 33.

2

9. An order was issued on June 10, 1999 ordering Plaintiff to refrain from entering 51 Applewood Drive, Shelton, Connecticut, and further ordering that Plaintiff "may retrieve personal items with a police escort." <u>See</u> Family Violence Protective Order, marked as Exhibit 10 at Plaintiff's deposition, attached hereto as Exhibit 5.

10. There was no time period specifying how long Plaintiff could remain in the marital home contained within the court order issued on June 10, 1999. <u>See</u> Exhibit 3, at 31 and 52-53.

11. The court order issued on June 10, 1999 does not specify the personal items Plaintiff could remove from the premises. <u>See</u> Exhibit 3, at 52.

12. Plaintiff removed clothes, toiletries and medications from the premises on June 10, 1999. <u>See</u> Exhibit 3, at 59-62.

13. A restraining order was issued on June 21, 1999, ordering Plaintiff to refrain from entering 51 Applewood Drive, Shelton, Connecticut, and to remain 100 yards from Carol Gorman, extending the temporary restraining order for six months from June 21, 1999 until December 21, 1999. <u>See</u>

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

Restraining Order After Hearing - Relief from Abuse, marked as Exhibit 4 at Plaintiff's deposition, attached hereto as Exhibit 6.

14. An agreement was signed by the Plaintiff, Carol Gorman, and their attorneys dated and approved by the Milford Superior Court on August 23, 1999, (hereinafter referred to as "Agreement") allowing Fedor to enter the premises on August 28, 1999 to remove his personal items, with a police officer present. See Agreement, marked as Exhibit 5 at Plaintiff's deposition, attached hereto as Exhibit 7, and Exhibit 3, at 63-65.

15. The Agreement limited the amount of time Fedor was allowed to remain on the premises to two hours and prevented him from bringing anyone else onto the premises. See Exhibit 7.

16. The Agreement included a Schedule A list of items Fedor was allowed to remove from the premises, in addition to which paragraph 3(f) of the agreement allowed him to remove "the contents of the bottom of his closet and all his mail, and the contents of the top drawer of [Carol Gorman's] dresser." See Exhibit 7.

4

17. The silverware set is not included in the items specified in the Agreement to be removed by Fedor. See Exhibit 3, at 80, 90, and Letter from Fedor to Kudrak dated September 1, 1999, marked as Exhibit 8 at Fedor's Deposition, attached hereto as Exhibit 8.

18. There are no other court orders besides the Agreement that authorized Fedor to remove the silverware set. See Exhibit 3, at 89-90.

19. The Agreement documents the offer that was made to Plaintiff, which he agreed to, indicating when he could have access to the premises. See Exhibit 3, at 66-67.

20. Plaintiff knowingly and willingly signed the Agreement, on the advice of his attorney. See Exhibit 3, at 67.

21. The Agreement does not specifically allow Fedor access to all areas of the premises, and does not state that "premises" means the entire house with no restrictions. See Exhibit 3, at 70-71.

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

22. The Agreement does not specify that Fedor had unlimited access to the premises. <u>See</u> Exhibit 3, at 73-74 and 75-76.

23. The court order dated June 10, 1999 and the Agreement are the court orders Plaintiff presented to the Shelton Police Department in connection with gaining access to the premises. <u>See</u> Exhibit 3, at 54-56.

24. The court order issued on June 10, 1999 and the Agreement do not specify that Fedor was to have complete and unrestricted access to his home. <u>See</u> Exhibit 3, at 160-163.

25. The items Fedor was unable to remove from the house, as alleged in the Complaint, are specified as the sterling silverware set. Three large serving pieces were missing when the set was returned to Fedor on December 21, 1999, and one was substituted. <u>See</u> Plaintiff's response to interrogatory #14 of Defendants' written discovery requests, attached hereto as Exhibit 9, and Exhibit 3, at 98-99.

26. Plaintiff made a complaint to the Shelton Police Department concerning the missing silverware pieces and the condition of

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

the silverware set on or around May 26-27, 2000. See Exhibit 3, at 103-107.

27. Plaintiff did not meet with Defendant O'Donoghue concerning his complaint regarding the silverware set until August, 2000. See Exhibit 3, at 107.

>THE DEFENDANTS,
>
>BY:_____
>Peter G. Kruzynski
>Susman, Duffy & Segaloff, P.C.
>P. O. Box 1684
>New Haven, CT  06507-1684
>Phone: (203) 624-9830
>Fed. Bar No. ct 14088

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

## **CERTIFICATION**

    This is to certify that a copy of the foregoing was sent this date to:

John A. Williams, Esq.
Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

                                                       _____
                                                       Peter G. Kruzynski

I:\Client K_O\Kudrak\Fedor\Pleadings\56(a)(1) statement.wpd

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505