UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE FEDOR | : | |
| | : | |
| VS. | : | NO. 3:02CV1489(CFD) |
| | : | |
| JOSEPH KUDRAK, | : | |
| DETECTIVE NEIL O'DONOGHUE, | : | |
| and TOWN OF SHELTON | : | JULY 10, 2004 |

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

    This action against two Shelton police officers and the Town of Shelton alleges several constitutional violations, to wit: (1) the plaintiff was constructively deprived of his right to access to the courts in that Officer Kudrak refused to enforce a court order; (2) the plaintiff was deprived of his right to equal protection of the law as a result of the town's policy refusing to investigate or otherwise consider complaints of theft arising in a domestic context; (3) the plaintiff suffered an unreasonable seizure in that he was prevented from full access to his home, as was required under the terms of a court order; (4) the actions of the town and named defendants deprived the plaintiff of his right to substantive due process.

    Taken in the light most favorable to the plaintiff, the evidence shows that the plaintiff and his second wife were embroiled in a divorce when she obtained a court

order permitting her to have sole occupancy of the marital home, which the plaintiff had owned for many years before his marriage to her and in which the plaintiff had resided for decades with his first wife.  The evidence shows that the plaintiff obtained two separate court orders affording him unrestricted police-escorted access to the home but that the defendants and other police officers interfered with the plaintiff's exercise of those rights by barring him entirely from certain areas of the house and limiting his access in terms of time.  The evidence further shows that there was a municipal policy pursuant to which the plaintiff and others involved in domestic disputes were denied access to their homes unless they "hired" the police and paid them significant sums of money.  On June 10, 1999, the Superior Court ordered that the plaintiff be allowed back into his home. (Exhibit A, plaintiff's interrogatory answers, ¶ 8)  Shelton police officers allowed the plaintiff to be in his home on June 10, 1999, for only ten minutes.  There was nothing in the court order that so limited him.  The police informed the plaintiff that the only way he would be allowed to be on the premises longer than ten minutes was by paying for private duty officers.  (Ibid.)  On June 10, 1999, and again on August 28, 1999, the Superior Court ordered that the plaintiff have complete and unrestricted access to his home.  (Ibid.)  The officers of the Shelton Police Department were aware of the aforesaid court orders.  (Id. ¶ 20)

On August 28, 1999, in defiance of the order of the Superior Court, defendant Kudrak prohibited the plaintiff from entering certain areas of his home to which he had a right of access under the court's order.  (Id. ¶¶ 8, 23)  On August 28, 1999, in defiance

of the order of the Superior Court, defendant Kudrak prohibited the plaintiff from taking any photographs of the premises during his court-ordered visit to his home. (Ibid.) On August 28, 1999, in defiance of the order of the Superior Court, defendant Kudrak prohibited the plaintiff from removing from the premises the personal property of his first wife, that is, a silverware set. (Ibid.)  That sterling silverware set was a gift to the plaintiff's first wife and the plaintiff, and the plaintiff's second wife had no property interest in it whatsoever. (Id. ¶ 14)  Defendant Kudrak was fully aware of the aforesaid court orders on August 28, 1999.  Despite that, he opposed the plaintiff and restricted the plaintiff in his court-ordered access to his own home. (Id. ¶ 21)

In August of 2000, defendant O'Donoghue threatened the plaintiff at Shelton police headquarters and informed the plaintiff that he did not like to enforce the law as between divorcing spouses. (Id. ¶¶ 8, 24)

The defendants all have moved for summary judgment.  Although claiming to make that motion with respect to all issues raised by the complaint, the defendants' brief addresses only the plaintiff's equal protection and *Monell* claims, as well as raising the affirmative defense of qualified immunity.  Accordingly, the summary judgment motion must be denied with respect to the plaintiff's access to the courts,[1] substantive

---

[1] Bounds v. Smith, 430 U.S. 817, 822 (1997)

3

due process[2] and unlawful seizure[3] claims for want of briefing.  When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing."  Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970).  "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

## The Equal Protection Claim

The defendant O'Donoghue's statement noted above is direct evidence of a double standard of law enforcement, treating divorcing spouses differently from all other citizens.  That explicit observation, taken together with the grossly unfair treatment inflicted upon the plaintiff as delineated in the plaintiff's Local Rule 56 Statement, together provides sufficient evidence for a jury to conclude that the plaintiff was mistreated as he was for the reason that he was involved in a contested divorce case. Thus, contrary to the defendants' argument, there are comparators in this case –

---

[2]  Rochin v. California, 342 U.S. 165, 169 (1952); Palko v. Connecticut, 302 U.S. 319, 326 (1937).

[3]  Nelson v. City of Cambridge, 101 F. Supp. 2d 44, 48 (D. Mass. 2000) (Gertner, J.), citing Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 n. 6 (1st Cir. 1995).

4

persons in contact with law enforcement for reasons not related to pending divorce litigation.

The plaintiff's evidence shows the defendants' deliberate refusal to enforce or even to obey valid court orders respecting the plaintiff's rights.  The defendants do not claim that they always refused to obey court orders; but clearly they did so in the plaintiff's case.  O'Donoghue's statement explains the reason: there was a different standard of law enforcement in domestic relations cases than in others.  The law was clearly established at the time of these events that such disparate enforcement of the law violated the Equal Protection Clause.  <u>Navarro v. Block</u>, 72 F.3d 712, 717 (9th Cir. 1996) (treating 911 callers who were domestic violence victims differently from other 911 callers was an equal protection violation); <u>O'Neal v. City of Seattle</u>, 66 F.3d 1064 (9th Cir. 1995); <u>Zavatsky v. Anderson</u>, 130 F. Supp. 2d 349 (D. Conn. 2001) (Covello, C.J.) (treating the plaintiff differently from other unmarried domestic partners because of this plaintiff's sexual orientation was an equal protection violation).  In cases like these, plaintiffs proceeding under the theory that laws or policies are being applied in a disparate manner are not required to plead or to prove that other persons in their category or group also were subjected to unfair treatment.  It is sufficient to plead and show that the plaintiffs themselves were so treated.  <u>Pyke v. Cuomo</u>, 258 F.3d 107 (2d Cir. 2001).  See also <u>Myers v. County of Orange</u>, 157 F.3d 66 (2d Cir. 1998), which held that a police department's policy of refusing to take cross-complaints from persons against whom criminal complaints have been filed -- a policy the Second Circuit called

"a 'first-come first-served' complaint policy" -- violates the equal protection rights of the person whose complaint was rejected on that basis. His damages are those caused by being subjected to arrest and trial when the fuller investigation which accepting both complaints would have entailed would have produced a different result.

## Municipal Liability

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978). "In order to establish municipal liability, 'a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy....Although this rule 'does not mean that the plaintiff must show that the municipality had an explicitly stated rule or regulation, a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy....The inference that a policy existed may, however, be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges' that its agents were violating citizens' consti-

6

tutional rights." DeCarlo v. Fry, 141 F.3d 57, 61-62 (2nd Cir. 1998), quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122-23 (2nd Cir. 1991).  *Cf*., Thomas v. Roach, 165 F.3d 137, 145 (2nd Cir. 1999).  "[T]he plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal government policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'  Jett v. Dalls Indep. Sch. Dist., 491 U.S. 701, 737 (1989)."  Hopper v. City of Pasco, 241 F.3d 1067, 1083 (9th Cir. 2001), quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

In this case, there was a pattern of misconduct respecting the plaintiff and that pattern was perpetrated over a period of time by various officers in the Shelton Police Department.  Another officer confirmed that there was a double standard applicable to crime victims, like the plaintiff, in domestic relations cases.  The *Monell/Jett* standard is met by this evidence.

## Conclusion

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury.  In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996).  Rather, the court must resolve any ambiguities and draw all inferences against the moving party.  Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir.

7

1991).  The evidence of the party against whom summary judgment is sought must be believed.  Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994).  The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor.  Appleton, supra; Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980); Connell v. Colwell, 214 Conn. 242, 246-47 (1990).  "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper."  Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

    To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party.  So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied.  In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

    Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution.  R. B. Ventures, Ltd.

v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997).  "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997).  Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v. Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), *citing* Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988).

As to all other issues in the case, the defendants have mounted no challenge.

The motion for summary judgment should be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Peter G. Kruzynski, Esq., Susman, Duffy & Segaloff, P.C., P. O. Box 1684, New Haven, CT 06507-1684.

_____
JOHN R. WILLIAMS