UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE FEDOR | : | |
| | : | |
| VS> | : | NO. 3:02CV1489(CFD) |
| | : | |
| JOSEPH KUDRAK, | : | |
| DETECTIVE NEIL O'DONOGHUE, | : | |
| and TOWN OF SHELTON | : | JULY 10, 2004 |

**PLAINTIFF'S LOCAL RULE 56 STATEMENT**

*I      RESPONSES TO DEFENDANTS' ASSERTIONS OF FACT*

1. Agree.

2. Agree.

3. Agree.

4. Agree.

5. Agree.

6. Agree.

7. Agree.

8. Agree.

9. Agree.

10. Agree.

11. Agree.

12. Agree.

13. Agree.

14. Agree.

15. Agree.

16. Agree.

17. Disagree.  (Exhibit 7, Schedule A, Paragraph 1)

18. Disagree.  (Exhibit A, ¶¶ 10, 14, 17)

19. Agree.

20. Agree.

21. Disagree.  (Exhibit A, ¶ 8)

22. Disagree.  (Ibid.)

23. Agree.

24. Disagree.  (Exhibit A, ¶ 8)

25. Agree.

26. Agree.

27. Agree.

II  **PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1. On June 10, 1999, the Superior Court ordered that the plaintiff be allowed back into his home.  (Exhibit A, plaintiff's interrogatory answers, ¶ 8)

2. Shelton police officers allowed the plaintiff to be in his home on June 10, 1999, for only ten minutes.  There was nothing in the court order that so limited him.

The police informed the plaintiff that the only way he would be allowed to be on the premises longer than ten minutes was by paying for private duty officers.  (Ibid.)

3.  On June 10, 1999, and again on August 28, 1999, the Superior Court ordered that the plaintiff have complete and unrestricted access to his home.  (Ibid.)

4.  On August 28, 1999, in defiance of the order of the Superior Court, defendant Kudrak prohibited the plaintiff from entering certain areas of his home to which he had a right of access under the court's order.  (Id. ¶¶ 8, 23)

5.  On August 28, 1999, in defiance of the order of the Superior Court, defendant Kudrak prohibited the plaintiff from taking any photographs of the premises during his court-ordered visit to his home.  (Ibid.)

6.  On August 28, 1999, in defiance of the order of the Superior Court, defendant Kudrak prohibited the plaintiff from removing from the premises the personal property of his first wife, that is, a silverware set.  (Ibid.)

7.  In August of 2000, defendant O'Donoghue threatened the plaintiff at Shelton police headquarters and informed the plaintiff that he did not like to enforce the law as between divorcing spouses.  (Id. ¶¶ 8, 24)

8.  The sterling silverware set was a gift to the plaintiff's first wife, and the plaintiff, and the plaintiff's second wife had no property interest in it whatsoever.  (Id. ¶ 14)

9.  The officers of the Shelton Police Department were aware of the aforesaid court orders.  (Id. ¶ 20)

10. Defendant Kudrak was fully aware of the aforesaid court orders on August 28, 1999. Despite that, he opposed the plaintiff and restricted the plaintiff in his court-ordered access to his own home. (Id. ¶ 21)

        THE PLAINTIFF

BY:_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203/562-9931
        FAX: 203/776-9494
        E-Mail: jrw@johnrwilliams.com
        His Attorney

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy hereof was mailed to Peter G. Kruzynski, Esq., Susman, Duffy & Segaloff, P.C., P. O. Box 1684, New Haven, CT 06507-1684.

_____
JOHN R. WILLIAMS