UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*******************************
 GEORGE FEDOR                  *  CIVIL ACTION NO.
           PLAINTIFF           *  302-CV-01489 (CFD)
 VS.                           *
 JOSEPH KUDRAK, ET AL          *  JULY 27, 2004
           DEFENDANTS          *
*******************************
```

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants in the above-entitled matter, by their attorneys, hereby reply to Plaintiff's Brief In Opposition to Motion for Summary Judgment dated July 10, 2004, filed on July 13, 2004 ("Plaintiff's Brief"). As further set forth below, Plaintiff's Brief and Local Rule 56 Statement fail to raise a single genuine issue of material fact based on evidence that would be admissible at trial. Moreover, plaintiff has failed to dispute defendants' legal arguments as to each cause of action alleged in the Complaint. Although plaintiff states in his brief that defendants failed to address his claims with respect to plaintiff's access to the courts, substantive due process and unlawful seizure claims, plaintiff cannot prevail with regard to those causes of action because he fails to allege the necessary elements of those causes of action in his complaint, and has failed to provide any admissible evidence which would support those causes of action. In

addition, the facts set forth in defendants' brief supporting their motion for summary judgment affirmatively establish that plaintiff is unable to support such claims. Accordingly, defendants are entitled to the entry of judgment as to all causes of action as a matter of law.

## I.  ARGUMENT

Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). It is the nonmovant's burden on summary judgment to submit ***evidentiary support*** establishing that a rational trier of fact could find in their favor and to raise genuine issues of material fact that require a trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Once a movant has demonstrated that no material facts are in dispute, the non-movant must set forth ***specific facts*** indicating a genuine issue for trial exists in order to avoid the granting of summary judgment." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (1996) (citations omitted) (emphasis added).

Any inferences drawn in favor of the Plaintiff must be supported by evidence. Silberberg v. Lynberg, 186 F. Supp. 2d 157, 165 (D. Conn. Feb. 20, 2002) (Thompson, J.). To survive a motion for summary judgment, the non-moving party may not simply rest on

2

the pleadings or conclusory or speculative accusations or arguments, but must submit **specific, concrete** evidentiary support for any claims that a material issue of fact exists requiring trial. Alteri v. General Motors Corp., 919 F. Supp. 92, 94-95 (N.D.N.Y.1996), aff'd, 116 F.3d 465 (2d Cir. 1997) (internal quotations omitted) (emphasis added). Here, Plaintiff fails to meet this burden as to any of the causes of action in his Complaint.

The only documentation Plaintiff provides in his Opposition papers to defeat summary judgment is a copy of Plaintiff's interrogatory responses consisting of inadmissible, conclusory and self-serving accusations which cannot provide the basis for a genuine issue of material fact. Finally, Plaintiffs have failed to refute Defendants' legal arguments or evidence.[1] Accordingly, as

---

[1] Defendants request that Plaintiff's Local Rule 56 Statement be disregarded, that the facts set forth in Defendants' Local Rule 56(a)(1) Statement be deemed admitted as provided by the Rule and that summary judgment be granted for Plaintiff's failure to submit any triable issue of material fact. Rule 56(a)(3) requires that "[e]ach statement of material fact . . .by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Id. Plaintiff relies solely on his responses to interrogatories which simply set forth more detailed and unsupported allegations, hearsay and self serving statements. Plaintiff fails to submit any **admissible** documentary evidence to support Plaintiff's allegations. See Rule 801, Federal Rules of Evidence; Lichtman & Sons v. Dollar Steamship Line, 13 F. Supp. 717, 719 (E.D.N.Y. 1936) aff'd, 91 F. 2d 1015 (C.C.A.2 1937) (holding that hearsay in interrogatory responses is inadmissible);

set forth more fully below and in Defendants' Memorandum in Support of Motion for Summary Judgment, even when the pleadings and evidence are viewed in a light most favorable to the Plaintiff, summary judgment is warranted in favor of all defendants as to all causes of action in Plaintiff's Complaint.

### A. Plaintiff Has Failed to Raise Any Issue of Material Fact or to Refute Defendants' Legal Arguments Defeating Plaintiff's Equal Protection Claim.

On page 4 of Plaintiff's Brief, Plaintiff states:

> The defendant O'Donoghue's statement noted above is direct evidence of a double standard of law enforcement, treating divorcing spouses differently from all other citizens. That explicit observation, taken together with the grossly unfair treatment inflicted upon the plaintiff as delineated in the plaintiff's Local Rule 56 Statement, together provides sufficient evidence for a jury to conclude that the plaintiff was mistreated as he was for the reason that he was involved in a contested divorce case.

Plaintiff's Local Rule 56 Statement is "supported" entirely by references to Plaintiff's interrogatory responses. Plaintiff has offered no credible, factual evidence to support his claim. He has stated mere conclusions and has not offered a single material fact supported by admissible evidence whose resolution could ultimately affect the outcome of this case.

Plaintiff has not demonstrated that Defendants have either treated him differently or inappropriately or, more importantly,

---

see also <u>Futoma v. City of Hartford</u>, 208 F.3d 202 (2d Cir. 2000) (granting summary judgment for failure to comply with Local Rule 9(c).

4

that the defendants intentionally discriminated against him or failed to properly investigate his claims of theft because of his involvement in a contested divorce case.

The defendants refer the Court to pages 5 through 8 of their Memorandum of law in Support of their Motion for Summary Judgment and rely on both the factual and legal bases asserted therein.

### B. Plaintiff Has Failed to Raise Any Issue of Material Fact or to Refute Defendants' Legal Arguments Defeating Plaintiff's Monell Claim.

On page 7 of Plaintiff's Brief, Plaintiff claims that "there was a pattern of misconduct respecting the plaintiff and that pattern was perpetrated over a period of time by various officers in the Shelton Police Department.  Another officer confirmed that there was a double standard applicable to crime victims, like the plaintiff, in domestic relations cases."  Again, Plaintiff has not offered any credible, factual evidence to support his claim.  As stated in Section A above, he has stated mere conclusions and has not offered a single material fact supported by admissible evidence whose resolution could ultimately affect the outcome of this case.

The defendants refer the Court to pages 10 through 19 of their Memorandum of law in Support of their Motion for Summary Judgment and rely on both the factual and legal bases asserted therein.

5

### C. Plaintiff Has Failed to Raise Any Issue of Material Fact or to Refute Defendants' Legal Arguments That Defendants are Entitled to Qualified Immunity.

Plaintiff has failed to put forth any evidence that would defeat the Defendants' claims that they are entitled to qualified immunity as public officials who did not violate any clearly established law. See Memorandum in Support, Section C. Plaintiff has failed to offer any evidence or argument ***whatsoever*** that would raise an issue for trial as to first, whether any constitutional right was violated, and further, whether Defendants Kudrak and O'Donoghue understood that their conduct in enforcing the court orders (Exhibit 5R and 7R)[2] and investigating Fedor's complaints of theft violated any clearly established right. See Russo v. City of Hartford, 158 F. Supp. 2d 214, 233 (D. Conn. 2001). Therefore, summary judgment must be granted.

### D. Plaintiff Has Failed to Raise Any Issue of Material Fact to Support Causes of Action as to Plaintiff's Access to the Courts, Substantive Due Process and Unlawful Seizure.

Plaintiff has argued on pages 3-4 of his Memorandum in Opposition that Defendants failed to address his alleged causes of action as to denial of access to the courts, substantive due process and unlawful seizure. In Plaintiff's one count complaint,

---

[2] For the purposes of Defendants' Rule 56(a)1 Statement and Memorandum of Law in Support of Motion for Summary Judgment, all Exhibits ending with the designation "R" shall refer to the Exhibits attached to Defendants' Rule 56(a)1 Statement.

6

he has apparently attempted to allege at least five different causes of action.[3] While he has indicated in paragraph 1 that this is an action arising from the violation of plaintiff's right to be free from unreasonable seizure, right to access to the court and right to due process, and has stated in paragraphs 20, 22 and 23 that he was deprived of those rights, the remaining allegations contained in the complaint do not sufficiently state allegations necessary to support these causes of action.

In order to adequately state a claim for violation of substantive due process, Plaintiff must allege conduct which is "arbitrary, conscience-shocking, or oppressive in a constitutional sense.". Zandhri v. Dortenzio, 228 F.Supp.2d 167, 178 (D. Conn. 2002). "The protections of substantive due process are available only against egregious conduct which goes beyond merely 'offend[ing] some fastidious squeamishness or private sentimentalism' and can fairly be viewed as so 'brutal' and 'offensive to human dignity' as to shock the conscience. Smith v. Half Hollow Hills, 298 F.3d 168, 173 (2nd Cir. 2002) quoting from Johnson v. Glick, 481 F.2d 1028, 1033 & n. 6 (2nd Cir. 1973). "To establish a violation of the right to access the courts, the plaintiffs must demonstrate that the alleged deprivation actually

---

[3] Deprivation of right to access to the courts, deprivation of right to equal protection, unreasonable seizure, deprivation of right to substantive due process, and a Monell claim.

7

interfered with their access to the courts or prejudiced an existing action." Lombardi Rest Home v. Richter, 63 Conn. App. 646, 654, 778 A.2d 230 (2001), quoting from Hikel v. King, 659 F.Supp. 337, 340 (E.D.N.Y.1987).

Finally, to state a claim of unreasonable seizure under the Fourth Amendment, the plaintiff must first identify a legitimate expectation of privacy. United States v. Colon, 250 F.3d 130, 134 (2nd Cir. 2001). Even if a legitimate expectation of privacy is established, the plaintiff must then prove that the governmental conduct complained of was unreasonable. United States v. Awadallah, 349 F.3d 42, 58 (2nd Cir. 2003). The plaintiff has failed to submit any evidence in support of any of these claims.

As set forth in Defendants' Memorandum in Support of Motion for Summary Judgment, Plaintiff's claims regarding the Defendants' enforcement of the court orders, are baseless. The Defendants' provided the necessary oversight in connection with the June 10, 1999 order (Exhibit 5R) authorizing the Plaintiff access to the marital home *for the purpose of retrieving personal items with a police escort*. The Plaintiff testified at his deposition that he was able to retrieve toiletries and clothing at the time of that entry into the marital home. See Defendants 56(a)1 Statement of Undisputed Material Facts, ¶ 12. Further, Defendant Kudrak's actions in preventing the Plaintiff from removing the silverware

8

set from the marital home and from taking photographs in the marital home are not in violation of the Agreement (Exhibit 7R). The Agreement did not permit him to remove the silverware set or authorize him to take photographs. <u>See</u> Defendants 56(a)1 Statement of Undisputed Material Facts, ¶¶ 17 and 18. <u>See also</u>, Defendants 56(a)2 Statement, ¶ 5. In short, plaintiff has offered no evidence of any material facts supporting a cause of action for denial of access to the courts, which he states in paragraph 20 of the complaint is based on Defendant Kudrak's refusal to enforce a court order. He also has no basis for his cause of action for unreasonable seizure, which he states in paragraph 22 of the complaint is based on having been prevented from full access to his home, which he alleges was required under the terms of a court order.

As further set forth in Defendants' Memorandum in Support of Motion for Summary Judgment, Plaintiff's claims regarding the Defendants' inadequate investigation into his claims of theft are also without merit. <u>See</u> Memorandum in Support, Section B. Plaintiff generally alleges in paragraph 23 of the complaint that "the actions of the town and named defendants deprived the plaintiff of his right to substantive due process." Plaintiff has no provided no facts, either with regard to the enforcement of the court orders or with regard to the investigation of his claims of

9

theft, which support his cause of action for deprivation of substantive due process.

## II.  CONCLUSION

For the foregoing reasons, the Defendants respectfully submit that there are no genuine issues of material fact for a jury to decide and that Defendants are entitled to judgment as a matter of law as to all causes of action alleged in the Complaint. Accordingly, Defendants' Motion for Summary Judgment should be granted in its entirety.

```
                               THE DEFENDANTS,


                               BY:_____
                                  Peter G. Kruzynski
                                  Susman, Duffy & Segaloff, P.C.
                                  P. O. Box 1684
                                  New Haven, CT  06507-1684
                                  Phone: (203) 624-9830
                                  Fed. Bar No. ct 14088
```

### CERTIFICATION

This is to certify that a copy of the foregoing was sent this date to:

John A. Williams, Esq.
Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

```
                               _____
                               Peter G. Kruzynski
```

I:\Client K_O\Kudrak\Fedor\Pleadings\reply brief msj.wpd

SUSMAN, DUFFY & SEGALOFF, P.C.  •  ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505