```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF CONNECTICUT
```

```
*********************************
 GEORGE FEDOR                    *   CIVIL ACTION NO.
              PLAINTIFF          *    302-CV-01489 (CFD)
 VS.                             *
 JOSEPH KUDRAK, ET AL            *   JULY 27, 2004
              DEFENDANTS         *
*******************************
```

## DEFENDANTS' RULE 56(a)2  STATEMENT

**RESPONSES TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS:**

1. Admitted to the extent that Plaintiff was allowed into the marital home *for the purpose of retrieving personal items with a police escort*.  See Family Violence Protective Order, Exhibit 5 to Defendants' Rule 56(a)1 Statement.

2. Deny that the Shelton police officers allowed the plaintiff to be in the marital home for only ten minutes on June 10, 1999. See Exhibit A to Plaintiff's Rule 56 Statement, ¶8.  Deny that there was nothing in the court order that limited him, as the court order specified that his access to the home was limited to retrieving personal items with a police escort.  In fact, the Order states that "the defendant refrain from entering the family dwelling or the dwelling occupied by the victim."  See Family Violence Protective Order, Exhibit 5 to Defendants' Rule 56(a)1 Statement.

3. Denied. <u>See</u> Family Violence Protective Order, Exhibit 5 to Defendants' Rule 56(a)1 Statement and Agreement, Exhibit 7 to Defendants' Rule 56(a)1 Statement.  <u>See also</u>, Exhibit 3, at 70-71, 73-74 and 75-76.

4. Admit that Kudrak prohibited the plaintiff from entering certain areas of his home, deny the remainder of the statement. <u>See</u> Agreement, Exhibit 7 to Defendants' Rule 56(a)1 Statement.

5. Admit that Kudrak prohibited the plaintiff from taking any photographs, deny the remainder of the statement. <u>See</u> Agreement, Exhibit 7 to Defendants' Rule 56(a)1 Statement. <u>See also</u>, Deposition of Plaintiff George Fedor dated October 23, 2003 and March 29, 2004, at 164-169, 173, attached hereto as Exhibit 9.

6. Admit that Kudrak prohibited the plaintiff from removing the silverware set, deny the remainder of the statement. <u>See</u> Agreement, Exhibit 7 to Defendants' Rule 56(a)1 Statement.

7. Denied.   <u>See</u> O'Donoghue Affidavit, Exhibit 2 to Defendants' Rule 56(a)1 Statement.

2

8.  Admit.

9.  Admit.

10. Admit that Kudrak was aware of the court orders and that he restricted the plaintiff's access to certain areas of the marital home; deny that it was in defiance of the court orders. See Family Violence Protective Order, Exhibit 5 to Defendants' Rule 56(a)1 Statement and Agreement, Exhibit 7 to Defendants' Rule 56(a)1 Statement.

                      THE DEFENDANTS,

                      BY:_____
                          Peter G. Kruzynski
                          Susman, Duffy & Segaloff, P.C.
                          P. O. Box 1684
                          New Haven, CT  06507-1684
                          Phone: (203) 624-9830
                          Fed. Bar No. ct 14088

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

## **CERTIFICATION**

    This is to certify that a copy of the foregoing was sent this date to:

John A. Williams, Esq.
Norman A. Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

                                                          _____
                                                          Peter G. Kruzynski

I:\Client K_O\Kudrak\Fedor\Pleadings\56(a)(2) statement response.wpd