```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF CONNECTICUT
*******************************
 GEORGE FEDOR                  *   CIVIL ACTION NO.
            PLAINTIFF          *    302-CV-01489 (CFD)
 VS.                           *
 JOSEPH KUDRAK, ET AL          *   JANUARY 20, 2006
            DEFENDANTS         *
*******************************
```

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

By Order dated December 29, 2005, this Court (Droney, J.) permitted Defendants to supplement their Motion for Summary Judgment and subsequent Reply Brief for the purpose of addressing additional causes of action identified by Plaintiff's Opposition Brief. See id.

In response to Defendants' Memorandum in Support of Summary Judgment, Plaintiff's Opposition Brief identifies three additional claims: denial of access to the courts, substantive due process and unlawful seizure. See Brief in Opposition to Motion for Summary Judgment ("Opp. Brief") at 3-4. These causes of action have not been adequately pled in the Complaint, nor have they been supported by documentary evidence. In any event, Plaintiff has raised no genuine issues of material fact to preclude summary judgment on the basis of qualified immunity with respect to these claims. Accordingly, summary judgment must enter as to each claim asserted by the Plaintiff.

**I.   ARGUMENT**

   **A.   Plaintiff's Additional Claims are Lacking Specific Factual Allegations Required to State a Claim Under 42 U.S.C. § 1983.**

"[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987); Davidson v. Mann, 129 F.3d 700, 701 (1997).  Plaintiff has failed to do so as to each alleged additional claim.

   1.   Plaintiff Has Failed to State a Claim for Interference with Access to the Courts.

To sufficiently plead a cause of action for interference with access to the courts, a complaint must allege either some "systemic official action [that] frustrates a plaintiff . . . in preparing and filing" ongoing or future suits, or a claim of wrongful official conduct that led the plaintiff to miss an opportunity to bring suit. Christopher v. Harbury, 536 U.S. 403, 413, 122 S. Ct. 2179, 2185, 153 L. Ed.2d 413 (2002).  In either case, "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give the defendant fair notice." Id. at 414-416, 122 S.Ct. 2179 (citation omitted).

Here, Plaintiff's allegations that "the plaintiff was constructively deprived of his right to access to the courts in that Officer Kudrak refused to enforce a court order" fail to meet

2

even this minimal pleading requirement.  See Complaint, ¶ 20.

Plaintiff has not indicated in any way how Officer Kudrak's actions or inactions with respect to the court's order blocked Plaintiff from bringing or continuing a court action.  Indeed, Plaintiff's complaints regarding his wife's refusal to turn over the silverware set or unlock the door to the office while Plaintiff and Officer Kudrak were present could have been remedied in the context of the pending divorce action in Milford Superior Court by a motion for contempt or motion to modify the terms of the court order to explicitly provide for taking photographs and removing the silverware set.  Carol Gorman v. George Fedor, Docket No. FA-99-0007446, Milford Superior Court.  The Plaintiff has made no allegation nor proffered any evidence that he was prevented from pursuing this avenue.  In fact, he had done so in the past, facilitating his return to the house with Officer Kudrak to retrieve additional belongings.  See Complaint, ¶ 11.  Accordingly, Plaintiff's § 1983 claim with respect to access to the courts cannot stand.

    2.    <u>Plaintiff Has Failed to State a Claim for Violation of Substantive Due Process Rights.</u>

In addition, Plaintiff asserts in a conclusory fashion in the last numbered paragraph of his one-count complaint that "[t]he actions of the town and named defendants deprived the plaintiff of his right to substantive due process."  Complaint, ¶ 23. There are

3

no factual allegations supporting a substantive due process claim.

It is rare that a set of factual allegations will give rise to a substantive due process violation. <u>Kelly v. Rice</u>, 375 F. Supp. 2d 203, 209 (S.D.N.Y.) (2003). No such claim will stand unless the allegations invoke a right "so rooted in the traditions and conscience of our people as to be ranked as fundamental". <u>Reno v. Flores</u>, 507 U.S. 292, 303, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993) (internal citations omitted). Substantive due process protects only those interests that are "implicit in the concept of ordered liberty." <u>Long Island Pub. Serv. Empls. v. Huntington</u>, 31 F.3d 1191, 1196 (2nd cir. 1994). Plaintiff has made no such showing here.

When viewed in their most favorable light, Plaintiff's claims amount to a police officer's failure to interpret and enforce the language of a court order in the manner desired by the Plaintiff while the police officer was acting as a police escort.[1] <u>See</u> Complaint, ¶¶ 14, 16 and 17; <u>see also</u> Opp. Brief, at 2-3. Plaintiff's claims are premised on his assertion that "Officer

---

[1] Plaintiff's allegations that Defendants failed to investigate an alleged crime are first and foremost, not supported by admissible, documentary evidence to refute the affidavit of Officer O'Donoghue. <u>See</u> Exhibit 2, ¶ 6. In addition, mere failure to investigate allegations of crime in the manner desired by the complainant cannot give rise to a substantive due process claim. <u>See</u> <u>Labensky v. County of Nassau</u>, 6 F. Supp. 2d 161, 171 (E.D.N.Y. 1998), <u>aff'd.</u>, <u>Labensky v. Rozzi</u>, 173 F.3d 845 (2nd Cir.(N.Y.) Mar 15, 1999).

4

Kudrak had a duty to enforce [his] right to complete access to [his] home as well as the right to remove [his] very special silverware set and the right to take pictures as instructed by Attorney Giacci." See Defendants Interrogatory Responses, No. 17. According to the Plaintiff, [i]t was [Officer Kudrak's] duty not only because he was hired by [him] to be [his] escort, but to comply with a Court Order." See id.; Complaint, ¶ 20.

There is no dispute that the court order only allowed Plaintiff entry on the premises for the purpose of retrieving his personal belongings. See Exhibit 7, ¶ 3.

It is also undisputed that the court order and agreement did not provide for unlimited access to every corner of the premises, did not provide for the Plaintiff to take photographs, did not provide Plaintiff with a guaranteed two hours on the premises (only limited time to "a maximum of two hours") and did not specifically provide that defendant be allowed to remove "the silverware set" despite enumerating other specific items listed by the parties in the drafting of the Agreement. Id.; Exhibit 3, at 70-71, 73-74, 80, 90, 160-163, 164-167, 169, 173.

Officer Kudrak had no means of ascertaining from the Order whether or not the Plaintiff was entitled to access the locked portion of the premises, to take photographs, or to take the silverware set. Officer Kudrak had no obligation, duty or even

5

authority to go beyond the language of the court order to meet Plaintiff's demands.

Moreover, Plaintiff fails to point to any documentary evidence or body of law which would require a police officer acting in a private capacity as a police escort to interpret the language of a court order between two parties in the manner demanded by the Plaintiff here, or to forcibly gain access to property or portions of the premises involved in contested litigation. See Opp. Brief, generally. Again, Plaintiff's remedy was simply to go back to the Milford Superior Court and obtain a clarification of the Court Order if he was dissatisfied with Officer Kudrak's interpretation of it. While Plaintiff suggests that Officer Kudrak should have been acting as his employee and at *his* direction, the purpose of the court ordered police escort was not to bully Plaintiff's wife or to determine the rights of the parties, but to prevent the very situation Plaintiff's desired approach would have created - an altercation or disturbance at the marital home while the plaintiff retrieved the specified belongings. Accordingly, Plaintiff's documentary submission limited to self serving interrogatory responses have failed to support his allegations of constitutional violations. See Opp. Brief, at 2.

In any event, Plaintiff has offered no evidence or case law whatsoever which would indicate these facts can or should give rise

6

to a substantive due process claim.  See <u>Harrah Indep. Sch. Dist. v. Martin</u>, 440 U.S. 194, 198, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248 (1978) (identifying cases which have carved out traditional interests protected by substantive due process, such as procreation, marriage and family life).

        3.    <u>Plaintiff Has Failed to State a Claim for Unreasonable Seizure Under the Fourth Amendment.</u>

Finally, the Complaint alleges that, "the plaintiff suffered an unreasonable seizure in that he was prevented from full access to his home, as was required under the terms of a court order." Complaint, ¶ 22.  A Fourth Amendment seizure contemplates a physical intrusion on a possessory interest of some kind, whether an interest in the possession of an object or in oneself.  <u>Horton v. California</u>, 496 U.S. 128, 133-34, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).  Here, Plaintiff attempts to characterize the officer's alleged failure to dispossess Plaintiff's wife of the silverware set and forcibly enter a locked portion of the premises as a Fourth Amendment seizure by the officer.  <u>See</u> Complaint, generally.  On the contrary, had the officers removed the silverware set and opened the locked door contrary to the wishes of Ms. Gorman, and without explicit authority from the Court, they may have indeed subjected themselves to liability under the Fourth Amendment, and compromised Plaintiff's ability to establish legitimate allegations of theft.  <u>Townes v. City of New York</u>, 176 F.3d 138, 145-46 (2d

7

Cir.), cert. denied, 528 U.S. 964, 120 S. Ct. 398, 145 L.Ed.2d 311 (1999) (for discussion of fourth amendment civil liability and fruit of the poisonous tree in context of criminal action).

However, Plaintiff fails to plead any facts consistent with a finding that the Defendants affirmatively and "physically intruded" on Plaintiff's possessory interests. See Horton, *supra*. It was the order of the Milford Superior Court, not the police, that dispossessed Plaintiff of his home and the property therein, and his wife who refused to turn over his alleged property and open the locked door. See Exhibit 7; see also Complaint ¶¶ 16, 17; see also Exhibit 3, at 83. The court order provided Plaintiff only a right of entry to retrieve certain belongings in the presence of a police escort. Id. The Complaint contains no factual allegations whatsoever that the defendant police officers seized property in the possession of the Plaintiff to give rise to a Fourth Amendment claim. See Complaint, generally. While a police officer's mere presence in a home is subject to Fourth Amendment protections, see Payton v. New York, 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), here, it was the plaintiff that requested, arranged and paid for Officer Kudrak to be present. See Exhibit A, ¶¶ 8, 17, 21. Moreover, absent a police officer's presence, Plaintiff would have no right to be present in the home per the court's order.

8

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

Nor can this situation be analogized to the improper execution of a search warrant. Groh v. Ramirez, 540 U.S. 551, 556-58, 124 S. Ct. 1284 (2004). A search warrant is a court's directive to the police to take certain action. Id. The court order bound Plaintiff and his wife to its terms, and only required the Plaintiff to secure the presence of a police officer before entering the home. The police department was not a party to the court's order. Plaintiff has failed to point to any factual allegation, evidence or case law which would support a Fourth Amendment claim.

Because Plaintiff has failed to specifically allege facts supporting deprivation of a constitutional right with respect to his access to the courts, substantive due process and Fourth Amendment claims, Plaintiff's § 1983 claims are legally insufficient and cannot survive summary judgment.

    **B.    Even if Plaintiff Had Identified Any Violation of Constitutional Rights, the Defendants Would Be Entitled to Qualified Immunity as to the Plaintiff's Additional Claims.**

The Court need not reach the issue of qualified immunity here because Plaintiff has failed to specifically allege or document actual constitutional violations. Russo v. City of Hartford, 158 F.Supp.2d 214, 233 (D. Conn. 2001). Nonetheless, the doctrine of qualified immunity would protect defendants here from liability under § 1983, including Plaintiff's access to the court, substantive due process and unlawful seizure claims, because

9

Plaintiff has failed to present documentary evidence establishing the existence of any genuine issue of material fact as to whether the defendants violated any clearly established constitutional right. <u>See</u> Opp. Brief, generally. <u>See also</u> <u>Russo</u>, at 233; Memo in Support, Section II(C), at 8-10 & Reply Brief, Section I(C).

**II. CONCLUSION**

For the foregoing reasons, the Defendants respectfully submit that there are no genuine issues of material fact for a jury to decide and that Defendants are entitled to judgment as a matter of law as to all causes of action alleged in the Complaint. Accordingly, Defendants' Motion for Summary Judgment should be granted in its entirety.

> THE DEFENDANTS,
>
> BY:_____
> Peter G. Kruzynski
> Susman, Duffy & Segaloff, P.C.
> P. O. Box 1684
> New Haven, CT 06507-1684
> Phone: (203) 624-9830
> Fed. Bar No. ct 14088

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent this date to:

John A. Williams, Esq.
51 Elm Street, Suite 409
New Haven, CT 06510

> _____
> Peter G. Kruzynski